## T. T. McGuire *v.* L. P. Lorian.

**Contracts—Breach—Measure of Damages—Instructions.**

The twelfth instruction given to the jury placed no limit upon the amount they could assess as damages. They are told, in assessing the damages, they may find in any amount that in the exercise of a sound discretion they may think the plaintiff was damaged.

Held, that there can be no objection to the latter part of the instructions, but when taken in connection with the former part it conveys to the jury the idea that they have the right to find other than actual damages which is erroneous.

APPEAL FROM McCRACKEN CIRCUIT COURT.

March 16, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The evidence in this case did not authorize the verdict or judgment rendered, and the instruction, No. 12, given at the instance of appellee's counsel was calculated to mislead the jury. The plaintiff, in an action like this, can only recover the actual damages resulting from the breach of the contract by the defendant. Conceding the breach of the contract to have been established by the proof (and this we do not decide), and allowing to the plaintiff the amount of the expenditures incurred by him in removing to and from the farm of the appellant, the verdict should not have exceeded fifty or sixty dollars. The board and provisions furnished the appellee by the appellant as far as the testimony in the record shows, was ample compensation for the services rendered by him, and if not giving him a reasonable sum for his labor the whole amount of damage should not exceed $175.00. The twelfth instruction given to the jury places no limit upon the amount the jury could assess as damages. They

are told in assessing the damages they may find in any amount that in the exercise of a sound discretion they may think the plaintiff was damaged, and that in estimating the damages they may take into consideration the time lost, and labor and expenses of Lorian in removing to and from the appellant's farm. There can be no objection to the latter part of this instruction, but when taken into connection with the former part of the instruction it conveys to the jury the idea that they have the right to find other than the actual damages proven. They can not find punitive or vindictive damages. Nor can they speculate upon what might have been the probable loss, or profit, of the joint undertaking had it been carried out. The jury were confined to the actual damages proven and this instruction was calculated to mislead them. Wherefore for the reasons indicated the judgment of the court below is reversed and the cause remanded with directions to set aside the verdict of the jury, and award to the appellant a new trial and for further proceedings consistent herewith.

*Bigger, Moss & Marshall, for appellant.*

*Bramlette, Durrett & B. King, for appellee.*